<span style="color:red">Corrected</span>

# In the United States Court of Federal Claims

JOSHUA J. ANGEL,

                 Plaintiff,

     v.

 THE UNITED STATES,

                 Defendant.

No. 25-cv-2040
(Filed: April 23, 2026)[1]

*Joshua J. Angel*, New York, NY, pro se.

*Mariana Teresa Acevedo*, Civil Division, United States Department of Justice, Washington, DC, for Defendant. With whom on the briefs were *Brett A. Shumate*, Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Elizabeth M. Hosford*, Assistant Director.

## OPINION AND ORDER

Meriweather, Judge.

Plaintiff, Joshua J. Angel ("Mr. Angel"), representing himself and a putative class of shareholders, seeks compensation from the United States for changes to how the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "the Enterprises") declare dividends following the Enterprises' 2008 financial collapse and subsequent conservatorship. *See generally* Compl., ECF No. 1. The United States filed a Motion to Dismiss Mr. Angel's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), ECF No. 7 (hereinafter "Mot."). Mr. Angel filed a Motion for an Enlargement of Time to respond to the United States' Motion to Dismiss, ECF No. 8, which the Court granted. The Court then ordered Mr. Angel to show cause (1) as to why his Complaint should not be dismissed for lack of subject matter jurisdiction with prejudice and (2) as to why the Court should not enter an anti-filing injunction against him. *See* Order to Show Cause, ECF No. 9. Mr. Angel filed a Second Motion for an Enlargement of Time to respond to the United States' Motion to Dismiss and responded to

---

[1] This Opinion was corrected on June 16, 2026 to clarify the Court's meaning in the Background section on page 3. *See* ECF No. 16. A prior version stated "President Trump's statements were made prior to *Angel IV's* dismissal" but the Court intended to note "President Trump's statements were made prior to Angel IV's final disposition in this Court following the denial of the Motion for Reconsideration on June 26, 2025." *See* Rules of the Court of Federal Claims, Rule 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.").

the Court's Order to Show Cause.  *See* ECF No. 10 ("Resp. Show Cause").  Having reviewed the parties' filings[2] and the relevant law, the Court **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction.  The Court does not reach the United States' alternative preclusion arguments.[3]  The Court **DENIES** Mr. Angel's Second Motion for an Enlargement of Time as **MOOT**.

## BACKGROUND

Mr. Angel has previously unsuccessfully filed four complaints with similar theories of recovery.  First, he filed in the U.S. District Court of the District of Columbia, which dismissed his complaint, and the U.S. Court of Appeals for the District of Columbia Circuit affirmed the dismissal.  *See generally Angel v. Fed. Home Loan Mortg. Corp.*, Case No. 1:18-cv-01142, 2019 WL 1060805 (D.D.C. Mar. 6, 2019) ("*Angel I*"), *aff'd*, 815 F. App'x 566, 569 (D.C. Cir. 2020).  He then filed a case in this Court but voluntarily dismissed his complaint.  *See generally Angel v. United States*, No. 20-cv-0737 (Fed. Cl. 2020) ("*Angel II*").  Third, he filed in this Court again, and the Court dismissed his complaint for lack of subject matter jurisdiction.  *See generally Angel v. United States*, 165 Fed. Cl. 453, 456–62 (2023) ("*Angel III*").  Fourth, Mr. Angel filed another substantially similar complaint, which was again dismissed for lack of subject matter jurisdiction.  *See generally Angel v. United States*, 172 Fed. Cl. 102 (2024) ("*Angel IV*").  The Court also denied his Motion for Reconsideration.  *See generally Angel v. United States*, No. 23-cv-800, 2025 WL 1769635 (Fed. Cl. June 26, 2025).  Mr. Angel then filed an untimely appeal, which was dismissed by the Federal Circuit.  *See Angel v. United States*, No. 23-cv-800, 2026 WL 181314, at *1 (Fed. Cir. Jan. 22, 2026).  On December 5, 2025, Mr. Angel filed this fifth Complaint again challenging the nonpayment of dividends on his stock in the Enterprises.  *See generally* Compl.[4]

The factual and legal history relevant to this case is recounted at length in previous

---

[2] The following filings are relevant to this Opinion: Compl., ECF No. 1; Mot., ECF No. 7; and Resp. Show Cause, ECF No. 10. Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (*e.g.*, *1), in which case the reference is to the pagination assigned by PACER/ECF.

[3] Because res judicata and collateral estoppel are affirmative defenses, courts generally analyze preclusion under Rule 12(b)(6) for failure to state a claim rather than as a jurisdictional bar under Rule 12(b)(1).  *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).  Since the Court resolves this case on "jurisdictional grounds," it does not need to reach the alternative "preclusion grounds." *Milgroom v. United States*, 651 F. App'x 1001, 1006 (Fed. Cir. 2016).

[4] Although Mr. Angel is representing himself, he is a member of this Court's bar.  Thus, the Court declines to read Mr. Angel's filings under the more liberal standards traditionally afforded to pro se litigants, as it has done previously. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings should "be liberally construed") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *See Angel*, 2025 WL 1769635, at *1 (declining to apply the more liberal standard to Mr. Angel's filings for the same reason).

decisions. *See Angel III*, 165 Fed. Cl. at 456–62; *Angel IV*, 172 Fed. Cl. at 109–13. Briefly, because of the 2008 financial crisis, the Enterprises suffered great financial losses. *Angel IV*, 172 Fed. Cl. at 109. To ensure the Enterprises stayed afloat, Congress enacted the Housing and Economic Recovery Act of 2008 ("HERA"). *See id.* HERA also allowed the Federal Housing Finance Agency ("FHFA") to become the Enterprises' conservator. *See id.* The FHFA Director negotiated preferred stock purchase agreements ("SPAs") with the United States Department of Treasury ("Treasury"). *See id.* Later, the SPAs were amended (by the "Third Amendment"), implementing a net worth sweep so that the Enterprises had to make quarterly payments amounting to their net worth, minus a small amount, to the Treasury. *See id.* This left no value that could be distributed to Junior Preferred Shareholders, like Mr. Angel. *See id.*

In his present Complaint,[5] just like in his previous ones, Mr. Angel alleges that the United States has committed quarterly breaches of a contract for dividend rights with him and the Enterprises' other shareholders, has committed "illegal exaction" and "illegal extraction," and that the FHFA, as conservator of the Enterprises, breached its fiduciary duty to the shareholders when conducting the net worth sweep. *See* Compl. ¶ 77–96; *see also Angel IV*, 172 Fed. Cl. at 112. Mr. Angel also seeks declaratory judgment that his dividend rights be retroactively restored under bankruptcy law. Compl. ¶ 96. Mr. Angel's only factual additions to his newest Complaint compared to his previous filings are references to President Trump's statements about potentially taking the Enterprises public and maintaining the Government's implicit guarantees and a statement by FHFA Director William Pulte about the Enterprises' potential forthcoming initial public offering. *See id.* ¶¶ 31–45. President Trump's statements were made prior to *Angel IV's* final disposition in this Court following the denial of the Motion for Reconsideration on June 26, 2025 and Director Pulte's were made afterwards. *See id.* Mr. Angel's newest Complaint also makes claims for different damages for the same alleged wrongdoing as his previous complaints. *Compare id.* ¶ 13 (claiming a $26 billion loss of Junior Preferred Shareholders from the Net Worth Sweep), ¶ 56 (asserting that his claims in this case are worth more than $60 billion), *with* Compl., *Angel III*, 172 Fed. Cl. 102, at ¶ 13 (claiming $22 billion for the same conduct).

The United States moves to dismiss Mr. Angel's Complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted, arguing that each of Mr. Angel's claims is precluded by this Court's prior dismissal. Mot. at 11–16. In his response to this Court's Order to Show Cause, Mr. Angel argues his Complaint is not "'...almost identical to his previous complaints;' 'repeated' and 'frivolous,'" but rather is "unique." Resp. Show Cause at 3. Specifically, Mr. Angel claims this Court has not "considered whether the Government's post-Third Amendment actions and inactions breached the Government's Implicit Guaranty." *Id.* Mr. Angel does not provide any case law to support his arguments.

---

[5] As this case is at the motion-to-dismiss stage, this Opinion assumes the truth of the factual allegations in the Complaint. *See General Mills Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1371 n.1 (Fed. Cir. 2007).

## DISCUSSION

### I.    The Court Lacks Subject Matter Jurisdiction Over Mr. Angel's Claims.

The United States argues that the Court lacks subject-matter jurisdiction over Mr. Angel's Complaint. Mot. at 1. The Court agrees. Under the Tucker Act, claims in this Court are subject to a six-year statute of limitations period. 28 U.S.C. § 2501; *see also John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354 (Fed. Cir. 2006), *aff'd*, 552 U.S. 130, 139 (2008). If a plaintiff fails to file before the period ends, the Court lacks jurisdiction. *John R. Sand & Gravel Co.,* 457 F.3d at 1346, 1354. "A claim first accrues within the meaning of the statute of limitations 'when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action.'" *Brown Park Est.-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1455 (Fed. Cir. 1997) (quoting *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed. Cir. 1995)). Here, all of Mr. Angel's claims, including his claims about "implicit guarantees," relate back to the net worth sweep that occurred in 2013. *See* Compl. ¶ 77–96. In *Fairholme Funds*, the Federal Circuit ruled that once the net worth sweep was instituted in early 2013, no residual value could be distributed to shareholders. *Fairholme Funds v. United States*, 26 F.4th 1274, 1283 (Fed. Cir. 2022) (finding that shareholder claims about the net worth sweep, like Mr. Angel's, cannot be brought in this Court). Thus, Mr. Angel's claims concerning the net worth sweep accrued in early 2013 at the latest. *See Angel IV,* 172 Fed. Cl. at 116, 121. And Mr. Angel's claims are not subject to the continuing claim doctrine because the net worth sweep was "a single distinct event" that had continuing effects in subsequent years. *Brown Park Est.-Fairfield Dev. Co.*, 127 F.3d at 1456. Mr. Angel attempts to circumvent the Court's six-year statute of limitations by asserting his claims started accruing in 2019. *See* Compl. ¶ 87. But Mr. Angel's attempt at artful pleading and his citations to speculative statements by President Trump and Director Pulte are futile; the net worth sweep occurred in early 2013, *see Fairholme Funds*, 26 F.4th at 1282, and the statute of limitations expired in 2019. Mr. Angel has not alleged sufficient facts to establish the Court's jurisdiction because he has not demonstrated that any of his claims accrued within six years of when he filed the Complaint. *See John R. Sand & Gravel Co.*, 457 F.3d at 1354.

Further, Mr. Angel seeks declaratory judgment that dividend rights be retroactively restored at the end of the Enterprises' conservatorships and makes other claims under bankruptcy law. *See* Compl. ¶ 96. However, this Court does not have jurisdiction to provide general declaratory relief that is not incidental to a monetary award. *See National Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998). Moreover, district courts have original and exclusive jurisdiction over cases arising under the bankruptcy code. *See Blodgett v. United States*, 146 Fed. Cl. 104, 108 (2018). Thus, this Court lacks subject matter jurisdiction over these claims.

In sum, the Court must dismiss Mr. Angel's Complaint for lack of subject matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

4

## II.    Dismissal With Prejudice is Warranted.

Mr. Angel has enjoyed several chances to have his day in this Court, yet he has not cured the jurisdictional deficiencies in his Complaint.  When a plaintiff has "already had a chance to cure [a] defect and failed," dismissal with prejudice is warranted.  *See Sicom Sys, Ltd. v. Agilent Tech., Inc.*, 427 F.3d 971, 980 (Fed. Cir. 2005).  Mr. Angel's slight alterations to his Complaint compared to his prior filings do not even attempt to cure the jurisdictional timeliness defects that this Court discussed at length when dismissing his prior suits, including his claims about "implicit guarantees."  *Angel IV*, 172 Fed. Cl. at 116, 118, 119.  Rather, Mr. Angel merely attempts to nitpick the Court's language in the prior dismissals.  *See* Resp. Show Cause at 3 (taking issue with this Court's use of the terms "implausible" and "implausibility" but failing to address any of the reasons this Court has repeatedly determined it lacks subject matter jurisdiction over Mr. Angel's claims).  Contrary to Mr. Angel's allegation that this Court has not considered his claims about the United States' "implicit guarantees," *see id.*, this Court previously thoroughly considered and properly dismissed all his claims, including his claims about "implicit guarantees," for lack of subject matter jurisdiction.  *See Angel IV*, 172 Fed. Cl. at 116, 121, 124, 134, 136.  The Court does so again here.  Therefore, dismissal with prejudice is appropriate.

## III.    An Anti-Filing Injunction Against Mr. Angel is Warranted.

"[E]ngag[ing] in repeated and frivolous lawsuits" is grounds for an anti-filing injunction. *See O'Diah v. United States*, 722 F. App'x 1001, 1004 (Fed. Cir. 2018) (citing *Bergman v. Dep't of Commerce*, 3 F.3d 432, 435 (Fed. Cir. 1993)).  The Court provided Mr. Angel an opportunity to explain why an anti-filing injunction was not appropriate despite his numerous repeated filings concerning the same underlying facts after having his previous cases dismissed for lack of subject matter jurisdiction.  *See* Order to Show Cause; *see also Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (noting the Court must provide a litigant "notice that [an anti-filing injunction] is being considered and an opportunity to be heard on the question of whether it should be imposed").  Mr. Angel failed to provide any legal authority or case law to support his argument that he has not filed repeated, frivolous claims before this Court and that an anti-filing injunction would be improper.  *See generally* Resp. Show Cause.  As noted above, Mr. Angel's claims have been thoroughly addressed by this Court on previous occasions.  Dissatisfied, Mr. Angel has attempted to repeatedly relitigate a settled outcome and has burdened this Court's resources.  The Court finds that Mr. Angel's continued filings violate RCFC 11(b) and concludes that anti-filing sanctions are appropriate under RCFC 11(c).  *See O'Diah*, 722 F. App'x at 1004.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction.  ECF No. 7.  The Court does not reach the United States' alternative argument that Mr. Angel fails to state a claim upon which relief can be granted.  Mr. Angel's Complaint is **DISMISSED with prejudice**.  The Clerk of the Court shall enter **JUDGMENT** accordingly.

Additionally, the Clerk of Court is **ORDERED** to immediately **ENJOIN** Mr. Angel from

filing any new documents with the Court without first obtaining leave from the Chief Judge. Any motion for leave to file must include as an attachment a full complaint that meets all the requirements of RCFC 8, including an explanation on why the complaint is timely and properly before this Court and unrelated to any prior litigation Mr. Angel has pursued. If the Court grants a motion for leave to file, Mr. Angel will be required to pay in full the Court's filing fee to proceed.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge